UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TODD BENNETT,         )<br>                       )<br>       Plaintiff,   )<br>                       )<br>v.                     )<br>                       )<br>ACCENTURE LLP,         )<br>                       )<br>       Defendant.     )| Civil Action No. 3:03CV0080 AVC<br><br>September 15, 2004 |

### DEFENDANT'S TRIAL MEMORANDUM

The Defendant, Accenture LLP ("Accenture" or "Defendant"), hereby submits the following trial memorandum in response to this Court's Pre-Trial Order dated August 17, 2004.

**1)  Trial Counsel**

   Defendant's Trial Counsel:   Lynn Kappelman and Daniel Klein
                                Seyfarth Shaw LLP
                                2 Seaport Lane, Suite 300
                                Boston, MA 02210
                                617-946-4800
                                617-946-4801 (fax)

**2)  Jurisdiction**

The Court has original jurisdiction over this action under 28 U.S.C. § 1332. This action was removed to this Court on the basis of diversity jurisdiction in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between citizens of different states. The plaintiff is a resident of the State of Connecticut. Accenture is an Illinois limited liability partnership with a total of two partners: Accenture Inc. and Accenture LLC. Accenture Inc. is a Delaware corporation that does

not have its principal place of business in Connecticut. Accenture LLC is a Delaware limited liability company that does not have its principal place of business in Connecticut. The Complaint and Prayer for Relief seeks compensatory, punitive and exemplary damages that exceed the sum of $75,000.

3) **Jury/Non-Jury**

The case is to be tried to a jury.

4) **Length of Trial**

Defendant estimates that the trial will take approximately four (4) full trial days.

5) **Further Proceedings**

Defendant does not anticipate any further proceedings prior to trial, other than arguments over motions in limine.

6) **Nature of Case**

Pursuant to the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60, *et seq.*, the Plaintiff, Todd Bennett ("Plaintiff" or "Bennett"), a former full-time employee of the Accenture, claims that Accenture failed to accommodate his alleged disability, copper toxicity, upon his requested reinstatement in 2001 from a four-year disability leave. Specifically, Plaintiff contends that Accenture failed to accommodate his purported disability by terminating his employment after Accenture could not find an available part-time position within Bennett's medical restrictions and skill set. Bennett seeks compensatory damages, punitive damages, attorneys' fees and costs, and a temporary and permanent injunction requiring Accenture to restore him to his former position with reasonable accommodation of his purported disability.

Accenture will show at trial that: (1) Bennett was not disabled in 2001 at the time of his requested reinstatement; (2) even if Bennett was disabled, he was not qualified for the analyst or consultant position; (3) no vacant part-time positions existed for which Bennett was qualified and able to perform the essential job functions; and (4) Accenture made a good faith attempt to accommodate Bennett's purported disability by thoroughly searching for vacant part-time positions within Bennett's work restrictions (*i.e.*, four-hour work days and travel restrictions) and his outdated skill set, but there were no such vacant positions.

7) **Trial by Magistrate Judge**

Defendant does <u>not</u> agree to authorizing Magistrate Judge Thomas P. Smith to preside at trial.

8) **Defendant's List of Witnesses:**[1]

1. Michele Holt c/o Accenture's Undersigned Counsel

   Ms. Holt was Accenture's EEO Officer in the Company's Hartford office at the time of Bennett's request to return to work from his leave. Accenture anticipates that she will testify for approximately five (5) hours. Ms. Holt will testify about (i) her efforts to find Bennett an available position that would accommodate his medical restrictions and skill set, (ii) the results of that search, and (iii) the decision to terminate Bennett's employment and her communications with him about the termination.

2. Toni Corban c/o Accenture's Undersigned Counsel

   Ms. Corban was Accenture's Employee Relations Specialist for the Company's Hartford office at the time of Bennett's request to return to work from his leave. Accenture anticipates that she will testify for approximately two (2) hours. Ms. Corban will testify about Accenture's structure and organizational changes, Bennett's positions and employment history, and Bennett's medical leave of absence.

---

[1] Defendant reserves the right to supplement this list prior to trial if necessary.

3.  Paula Miller - 54 Horton Road, Manchester, CT 06040

    Ms. Miller was Accenture's Hartford Benefits Contact. Accenture anticipates that Ms. Miller will testify for approximately one (1) hour. Ms. Miller will testify about the correspondence between Accenture and Bennett's physician concerning Bennett's ability to return to work and his medical restrictions.

4.  Tara Parisi – 144 O Street, Unit 2, South Boston, MA 02127

    Ms. Parisi was the PM Representative for Accenture's Government Market Unit in Hartford. She will likely testify for approximately two and one-half (2.5) hours. Ms. Parisi will testify about the one possible employment opportunity within the Government Market Unit in Connecticut, and the reasons that Bennett could not perform the essential functions of this position with or without accommodation.

5.  Mark Raymond c/o Accenture's Undersigned Counsel

    Mr. Raymond was an Associate Partner in Accenture's Government Market Unit in Hartford. He will likely testify for approximately two and one-half (2.5) hours. Mr. Raymond will testify about the one potential employment opportunity within the Government Market Unit in Connecticut, his discussions with Bennett concerning this potential opportunity, the reasons that Bennett could not perform the essential functions of this potential position with or without accommodation, and the unreasonableness of any proposed accommodation with respect to this potential position and the undue burden imposed by such proposed accommodation.

6.  Andrew Burns c/o Accenture's Undersigned Counsel

    Mr. Burns was the People Matters ("PM") Representative for Accenture's Resources Market Unit in Hartford. He will likely testify for approximately one and one-half (1.5) hours. Mr. Burns will testify about the unavailability of positions within the Resources Market Unit in Connecticut.

7.  Amy Salvatore c/o Accenture's Undersigned Counsel

    Ms. Salvatore was the PM Representative for Accenture's Communications and High Technologies Market Unit in Hartford. She will likely testify for approximately one and one-half (1.5) hours. Ms. Salvatore will testify about the unavailability of positions within the Communications and High Technologies Market Unit in Connecticut.

4

8.  Olga Conway c/o Accenture's Undersigned Counsel

    Ms. Conway was the PM Representative for the Banking and Insurance Group within Accenture's Financial Services Market Unit in Hartford. She will likely testify for approximately one and one-half (1.5) hours. Ms. Conway will testify about the unavailability of positions within the Banking and Insurance Group in Connecticut.

9.  Hilary McCracken - 9620 Commonwealth, Fairfax, VA 22032

    Ms. McCracken was the PM Representative for the Health Services Group within Accenture's Financial Services Market Unit in Hartford. She will likely testify for approximately one and one-half (1.5) hours. Ms. McCracken will testify about the unavailability of positions within the Health Services Group in Connecticut.

10. Martha Strong c/o Accenture's Undersigned Counsel

    Ms. Strong was responsible for the Quality Client Survey Team within Accenture's Business Practices group in Hartford. She will likely testify for approximately one and one-half (1.5) hours. Ms. Strong will testify about the unavailability of positions within the Business Practices group in Connecticut.

11. Marty Cole c/o Accenture's Undersigned Counsel

    Mr. Cole was Accenture's Location Lead Partner in Hartford. He will likely testify for approximately one and one-half (1.5) hours. Mr. Cole will testify about his inability to find Bennett an available position in Connecticut within Bennett's work restrictions and qualifications.

12. Rick Hegwood c/o Accenture's Undersigned Counsel

    Mr. Hegwood was an Associate Partner in Accenture's Government Market Unit. He will likely testify for approximately one and one-half (1.5) hours. Mr. Hegwood will testify about Accenture's inability to find Bennett an available position in Connecticut within Bennett's work restrictions and qualifications.

## 9) **Defendant's List of Exhibits**

See Defendant's Proposed Exhibit List attached hereto as Exhibit A.

## 10)(b)(i) **Defendant's Proposed Voir Dire**

See Defendant's Proposed Voir Dire Questions attached hereto as Exhibit B.

(ii) **Defendant's Proposed Jury Instructions (with WordPerfect 10.0 disc)**[2]

See Defendant's Proposed Jury Instructions attached hereto as Exhibit C.

(c) **Opening Statement**

Defendant wishes to make an opening statement.

Respectfully submitted,

DEFENDANT,
ACCENTURE LLP

By _/s/ Daniel B. Klein_
Lynn A. Kappelman, Esq. (ct 03480)
lkappelman@seyfarth.com
Daniel B. Klein, Esq. (ct 18934)
dklein@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800
Fax: (617) 946-4801

Defendant's Local Counsel:
Douglas Varga, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Blvd.
Bridgeport, CT 06604

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2004 a copy of the foregoing document was sent by overnight delivery to Katrena Engstrom, Esq., Williams & Pattis LLC, 51 Elm Street, Suite 409, New Haven, CT 06510.

_/s/ Daniel B. Klein_
Daniel B. Klein

---

[2] Defendant reserves its right to request jury interrogatories for special verdict forms at trial.

6

BO1 15666431.1