UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TODD BENNETT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:03CV0080 AVC |
| ) | |
| v. ) | |
| ) | |
| ACCENTURE LLP, ) | April 25, 2005 |
| ) | |
| Defendant. ) | |

**JOINT EMERGENCY MOTION
FOR CONTINUANCE OF TRIAL DATE**

The Parties in the above-captioned case jointly and respectfully request that the Court continue the trial date in this matter, currently scheduled for May 5, 2005 (jury selection) by thirty (30) days. As grounds for this Joint Motion, the Parties state as follows.

1. On April 19, 2005, the Court notified the parties that jury selection in this matter was scheduled for Thursday, May 5, 2005.

2. After immediately notifying its witnesses of the trial date, the Defendant, Accenture LLP ("Defendant" or "Accenture"), learned that its primary witness, Michelle Holt, is gravely ill and may not be available to testify at trial. (For privacy purposes, Ms. Holt's specific condition is not included herein, but Accenture can share this information with the Court separately, if necessary.) Accenture is assessing whether Ms. Holt is able to testify by some means, but at this time, it cannot determine if and how Ms. Holt will be able to testify.

3. Plaintiff Todd Bennett's ("Plaintiff's" or "Mr. Bennett's") claims are for disability discrimination and failure to accommodate a disability under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60, *et seq.* Mr. Bennett, a former employee of Accenture, claims that Accenture failed to accommodate his alleged disability, copper toxicity, upon his requested reinstatement in 2001 from a four-year disability leave. Specifically, Plaintiff contends that Accenture failed to accommodate his purported disability by terminating his employment after Accenture could not find an available part-time position within Mr. Bennett's medical restrictions and skill set.

4. Ms. Holt was Accenture's EEO Officer in the Company's Hartford office at the time of Mr. Bennett's request to return to work from his leave. In this capacity, Ms. Holt attempted to accommodate Mr. Bennett's purported disability by thoroughly searching for vacant part-time positions within Mr. Bennett's work restrictions (*i.e.*, four-hour work days and travel restrictions) and his skill set. After Ms. Holt was unable to locate a vacant, part-time position for Mr. Bennett within his restrictions and skill set, Ms. Holt informed Mr. Bennett that Accenture was terminating his employment.

5. Accenture anticipates that Ms. Holt will testify about (i) her efforts to find Mr. Bennett an available position that would accommodate his medical restrictions and skill set, (ii) the results of that search, and (iii) the decision to terminate Mr. Bennett's employment and her communications with him about the termination.

6. Accordingly, Ms. Holt is Accenture's primary witness. Because Plaintiff did not take her deposition, Ms. Holt has not testified under oath in this matter. Accenture is attempting to communicate with Ms. Holt and her caregivers to determine

2

her status and ability to testify in some manner, if any. The parties, therefore, need additional time to assess the situation and prepare accordingly.

7.    No party will be prejudiced by a continuance. The Parties have not sought any prior continuances of the trial date.

WHEREFORE, the Parties respectfully and jointly request that this Court continue the trial date by thirty (30) days. Alternatively, the Parties could select a jury on May 5, 2005, but not commence the trial until approximately thirty (30) days later.

Jointly and respectfully submitted,

| **TODD BENNETT** | **ACCENTURE LLP** |
|---|---|
| By his Attorney, | By its Attorneys, |

By _/s/ John R. Williams_
John R. Williams (ct 00215)
jwilliams@johnrwilliams.com
John R. Williams & Associates LLC
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931
Fax: (203) 776-9494

By _/s/ Lynn A. Kappelman_
Lynn A. Kappelman (ct 03480)
lkappelman@seyfarth.com
Daniel B. Klein (ct 18934)
dklein@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800
Fax: (617) 946-4801

Defendant's Local Counsel:
Douglas Varga, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Blvd.
Bridgeport, CT 06604

## CERTIFICATE OF SERVICE

    I hereby certify that on April 25, 2005, a copy of the foregoing document was sent by overnight delivery to Katrena Engstrom, Esq., Williams and Pattis, LLC, 51 Elm Street, Suite 409, New Haven, CT 06510.

_____
Lynn A. Kappelman