UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TODD BENNETT, | ) |
| Plaintiff, | ) Civil Action No. 3:03CV0080 AVC |
| v. | ) |
| ACCENTURE LLP, | ) August 23, 2005 |
| Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE WITNESSES WITH NO PERSONAL KNOWLEDGE AT TRIAL**

Pursuant to Rules 402, 403 and 602 of the Federal Rules of Evidence, the Defendant, Accenture LLP ("Defendant," "Accenture" or the "Company"), hereby respectfully moves this Court, *in limine*, to preclude six of Plaintiff's witnesses from testifying at trial on the grounds that they have no personal knowledge concerning the facts at issue in this matter and their testimony will merely confuse the jury.

**BACKGROUND AND PROCEDURAL POSTURE**

The Plaintiff, Todd Bennett ("Plaintiff" or "Mr. Bennett"), a former technology consultant for Accenture, claims that the Company failed to accommodate his alleged disability, copper toxicity poisoning, when he requested reinstatement in 2001 after a four-year disability leave. Specifically, Mr. Bennett contends that Accenture failed to accommodate him when the Company could not find him an available part-time position within his medical restrictions.

In his Pretrial submission on September 16, 2004, Plaintiff identified eighteen witnesses whom he intends to call at trial, and he set forth the testimony he expects to elicit from each

witness. This motion requests that the Court preclude six of those witnesses from testifying at trial. Plaintiff's submission stated, in pertinent part:

> Jeremy Villeneuve, a former Accenture employee who worked with plaintiff will testify concerning the defendant's overtime practices and [his] knowledge of plaintiff's work. (.5 hour)
>
> Jill Berquist, a former Accenture employee who worked with plaintiff will testify concerning the defendant's overtime practices and her knowledge of plaintiff's work. (.5 hour)
>
> Lisa Crossley, Accenture employee who worked with plaintiff will testify concerning the defendant's overtime practices and her knowledge of plaintiff's work. (.5 hour)
>
> Timothy Farrar, a former Accenture employee who worked for plaintiff will testify concerning the overtime practices and his knowledge of plaintiff's supervisory style. (.5 hour)
>
> Starlene McM[a]rrow, supervisor of plaintiff on a major project for the State of Connecticut will testify concerning plaintiff's work and defendant's overtime practices. (.5 hour)
>
> Cathleen Conti, Accenture, Training, Hartford, will testify concerning the availability of re-training for employees returning to work from medical leave or disability.

None of the witnesses identified above were working at Accenture in January 2001 when Mr. Bennett sought to return to work after his four-year leave, and only one, Ms. McMarrow, supervised Plaintiff's work before he commenced his leave in 1997. See Affidavit of Toni Corban, attached hereto as Exhibit A ("Corban Aff."), at ¶ 6. Indeed, Mr. Villeneuve and Ms. McMarrow both resigned in December of 1997, soon after Mr. Bennett left on his extended leave. Id., ¶ 7. Ms. Berquist resigned in October 1999. Id., ¶ 8. In September 2000, Ms. Crossley resigned and Ms. Conti was laid-off. Id., ¶ 9. Finally, Accenture has no record of Timothy Farrar. Id., ¶ 10. Accordingly, none of these witnesses have relevant or probative knowledge concerning the material issues in this action (*i.e.*, whether Ms. Holt made reasonable

2

efforts between March 2001 and August 2001 to find Mr. Bennett a vacant part-time position that would accommodate his purported limitations).

## ARGUMENT

According to Plaintiff's Pretrial Statement, Plaintiff expects these witnesses to testify about Mr. Bennett's performance and Accenture's overtime policies. Mr. Bennett's performance undisputedly played no role in Accenture's efforts to reinstate him or in his termination. Further, Plaintiff's performance occurred prior to 1997, when he began his four-year leave. Therefore, Mr. Bennett's pre-leave performance bears no relevance to this action. Likewise, Accenture's overtime practices in effect prior to the time period in question (*i.e.*, 2001) are irrelevant to any material issues to be tried in this case. Accordingly, testimony from these witnesses is irrelevant, and it is more prejudicial than probative and will merely confuse the jury.

### I.  TESTIMONY FROM THESE WITNESSES IS IRRELEVANT, UNFAIRLY PREJUDICIAL AND CONFUSING

This Court should exclude any testimony from these six witnesses because it is entirely irrelevant to Mr. Bennett's claims, unfairly prejudicial to Accenture and will simply confuse the jury. Fed. R. Evid. 402, 403.

Neither Mr. Bennett's performance nor Accenture's pre-2001 overtime practices bear any relevance to Accenture's accommodation efforts in 2001. First, Accenture did not terminate or decline to reinstate Mr. Bennett for performance reasons. Thus, any testimony concerning his performance is entirely irrelevant to any material issues at trial, especially where his performance occurred four years earlier than the events at issue. Even if Mr. Bennett's performance prior to 1997 were relevant -- and it is not -- the opinion of other employees, none of whom were decision-makers in 2001, and only one of whom was even in a position to evaluate Mr. Bennett prior to 1997, is certainly irrelevant to Mr. Bennett's claims in this lawsuit. Fed. R. Evid. 401.

Likewise, Accenture's pre-2001 overtime practices are irrelevant to whether an applicable part-time position existed in 2001 within Mr. Bennett's restrictions and skill set. Plaintiff contends that Accenture should have used the purported overtime hours of other employees to create a part-time position for him. However, Accenture was not legally obligated to create any new position for Mr. Bennett or take away hours from other employees. Rather, if Mr. Bennett was disabled, Accenture merely had to reassign him to a *vacant* part-time position for which he was qualified with his restrictions and skill set, if one existed. See U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 398-399, 122 S.Ct. 1516 (2002); Willis v. Anthem Blue Cross & Blue Shield of Connecticut, 193 F. Supp.2d 436, 443 (D. Conn. 2001); see also EEOC Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the ADA, at "Reassignment" (Oct. 17, 2002). Further, Mr. Bennett presumes that Accenture had excessive overtime hours in 2001 based on the level of overtime used four years earlier in 1997, at the peak of the strong economy. Indeed, none of these employees worked for Accenture during 2001, the only relevant time period. Mr. Bennett wants to call many of these witnesses to testify regarding the level of overtime used in 1997. Accordingly, the testimony of these witnesses is not probative of any material issue, and the Court should exclude their testimony pursuant to Rule 402 of the Federal Rules of Evidence.

Moreover, not even the strongest jury instructions will dull the prejudicial impact of permitting the jury to hear these witnesses recount their perceptions of Plaintiff and his performance. Fed. R. Evid. 403; see, e.g., Haskell v. Kaman Corp., 743 F.2d 113, 120-22 (2d Cir. 1984). The admission of such testimony would result in numerous mini-trials on collateral issues and, thus, waste judicial resources. In the end, such evidence will simply confuse the jury, who may impermissibly delve into resolving collateral issues concerning Mr. Bennett's

performance and Accenture's overtime policies prior to the period in question. Fed. R. Evid. 403. Therefore, the Court should exclude such testimony because its prejudicial effect and the resulting confusion to the jury far outweigh any purported probative value. Fed. R. Evid. 403.

II.   **THESE WITNESSES LACK ANY KNOWLEDGE CONCERNING THE MATERIAL ISSUES IN THIS CASE**

Rule 602 of the Federal Rules of Evidence makes plain that a witness may only testify to a matter upon which she has "personal knowledge." "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Because the six witnesses identified above lack personal knowledge concerning the material issues in this case, the Court should preclude Mr. Bennett from offering their testimony at trial. Marfia v. T.C. Ziraat Bankasi, 874 F. Supp. 560, 563-64 (S.D.N.Y. 1994) (granting motion *in limine* precluding testimony concerning the departures of six former employees "because it is apparent that plaintiff lacks personal knowledge of the facts in question").[1]

### CONCLUSION

For the foregoing reasons, the Court should bar Villeneuve, Berquist, Crossley, McMarrow, Farrar and Conti from testifying in this action.

---

[1] In addition, to the extent that Mr. Bennett seeks to testify concerning Accenture's overtime policies during his four-year leave based on what he may have been told by these other witnesses, this testimony would be rank hearsay and, thus, should be excluded as well. See, e.g., Kaczmarek v. Allied Chem. Corp., 836 F.2d 1055, 1060-61 (7th Cir. 1987) (". . . a witness cannot offer the contents of a hearsay statement as his personal knowledge") (emphasis in original); Elizarraras v. Bank of El Paso, 631 F.2d 366, 373-74 (5th Cir. 1980) (concluding that the district court committed reversible error in admitting plaintiff's testimony where he had no personal knowledge and the hearsay rule barred him from relating to the jury what he had been told by others).

Respectfully submitted,

**DEFENDANT
ACCENTURE LLP**

By its Attorneys,

By _____
   Lynn A. Kappelman (ct 03480)
     lkappelman@seyfarth.com
   Daniel B. Klein (ct 18934)
     dklein@seyfarth.com
   SEYFARTH SHAW LLP
   Two Seaport Lane, Suite 300
   Boston, MA 02210
   (617) 946-4800
   Fax: (617) 946-4801


Defendant's Local Counsel:
Douglas Varga, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Blvd.
Bridgeport, CT 06604


## CERTIFICATE OF SERVICE

    I hereby certify that on August 23, 2005, a copy of the foregoing document was sent by overnight delivery to John R. Williams, Esq., John R. Williams & Associates LLC, 51 Elm Street, Suite 409, New Haven, CT 06510.

_____
Daniel B. Klein

6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD BENNETT, | : | CIVIL ACTION NO. |
| | : | 3:03CV0080 (AVC) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ACCENTURE, LLP, | : | |
| | : | |
| Defendant. | : | |

**AFFIDAVIT OF TONI L. CORBAN**

I, Toni L. Corban, being duly sworn, hereby depose and say:

1. I am over eighteen years of age and understand the obligation of an oath.

2. I am aware of the action filed by the above-referenced Plaintiff, entitled <u>Todd Bennett v. Accenture, LLP</u>.

3. I make this affidavit based upon my own personal knowledge. I attest that the assertions herein are true and correct to the best of my knowledge, information and belief.

4. I am an Employee Relations Manager for United States Personnel Matters for Accenture. I have held this position from September 1, 2001 to the present. Prior to my current position, I was an Employee Relations Specialist for Accenture from September 1, 1999 until September 1, 2001.

5. In my capacity as Employee Relations Manager for United States Personnel Matters for Accenture, I have access to Accenture's personnel records.

6. I have reviewed Accenture's personnel records and have determined that the following individuals were not working at Accenture in January 2001 (or thereafter) when Mr. Bennett sought to return to work after his four-year leave of

absence: Jeremy Villeneuve, Jill Berquist, Lisa Crossley, Starlene McMorrow, Cathleen Conti and Tim Farrar.

7. Mr. Villeneuve and Ms. McMarrow both resigned in December of 1997, soon after Mr. Bennett commenced his extended leave.

8. Ms. Berquist resigned in October 1999.

9. In September 2000, Ms. Crossley resigned and Ms. Conti was laid-off.

10. Accenture has no record of Tim Farrar in its personnel system.

Toni L. Corban
Accenture LLP
Employee Relations Manager

Subscribed and sworn to before me this ___ day of August 2005.

Notary Public
My Commission Expires:

JOSEPH J. DOWNEY
Notary Public of New Jersey
My Commission Expires: April 9, 2008
Commission ID: 2299180

2

BO1 15731664 1