UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD BENNETT | : | |
| VS. | : | NO. 3:03CV80(AVC) |
| ACCENTURE, LLP | : | AUGUST 28, 2005 |

### BRIEF IN OPPOSITION TO MOTION TO ADMIT HEARSAY

The defendant has moved *in limine* to admit the admittedly hearsay statement of Michele Holt, who died recently. Ms. Holt was not deposed, did not even submit an affidavit regarding this case, and the statement in question was prepared solely for litigation purposes after the plaintiff's complaint had been served upon the defendant.

The defendant makes a half-hearted attempt to assert that this report for defense counsel constitutes a business record, but the business of the defendant is not litigation and clearly it was not prepared in the usual course of business. Indeed, none of the business record exception requirements has been met in this instance.

Accordingly, the defendant falls back on the traditional last refuge of litigants seeking the admission of hearsay – the residual exception of Rule 807.

The defendant's effort clearly is unavailing. The Senate Judiciary Committee's report on this rule stated: "It is intended that the residual hearsay exceptions will be used very rarely and only in exceptional circumstances. The Committee does not intend to establish a broad license for trial judges to admit hearsay statements that do not fall within one of the other exceptions contained in Rules 803 and 804(b)." S. Rep. No. 93-1277. Statements by deceased persons are covered by Rule 804(b)(2), and the rule obviously does not apply to the present statement. It can hardly be said that the death of a witness is an unusual or rare event. Everybody dies, witnesses included. The fact that the drafters of the Rules of Evidence did not carve out an exception for the prior statements of witnesses who have died in the interval between commencement of litigation and trial demonstrates that it is the intent of the rules to exclude such statements unless they are admissible under other clear provisions in Rules 803 and 804(b).

The defendant's motion to admit this hearsay statement must be denied.

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
(203) 562-9931
FAX: (203) 776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Attorneys Lynn A. Kappelman and Daniel Klein at Seyfarth Shaw, Two Seaport Lane, Suite 300, Boston, MA 02110 [E-Mail: dklein@seyfarth.com]; and Douglas Varga, Esq., Zeldes, Needle & Cooper, 1000 Lafayette Boulevard, Bridgeport, CT 06604.

_____
JOHN R. WILLIAMS