UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| TODD BENNETT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:03CV0080 AVC |
| ) | |
| v. ) | |
| ) | |
| ACCENTURE LLP, ) | November 15, 2005 |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S REPRESENTATION AT THE DEPOSITION OF UNAVAILABLE, THIRD PARTY WITNESS HILARY MCCRACKEN**

Pursuant to Rules 30 and 32(a)(3)(B) of the Federal Rules of Civil Procedure, the Defendant, Accenture LLP ("Defendant" or "Accenture"), respectfully requests that this Court compel Plaintiff's representation by counsel at the deposition of Hilary McCracken, a third party witness who is unavailable for trial in the above-captioned action; or in the alternative, to bar Plaintiff from objecting to the admissibility of the deposition under Rule 804(b)(1) of the Federal Rules of Evidence.

In the interests of fairness and judicial economy, Defendant hereby seeks to compel Plaintiff's representation at the deposition rather than conducting the deposition in the absence of Plaintiff's representation, or forcing Plaintiff to move for a protective order. Alternatively, Defendant seeks to bar Plaintiff from objecting to the admissibility of the deposition under Rule 804(b)(1) on the grounds that he did not have the opportunity to cross-examine Ms. McCracken.

The Court should grant Defendant's motion for the reasons set forth below.

## BACKGROUND

Due to various scheduling conflicts of the parties and the Court, the Court has rescheduled the trial date in this matter several times, including prior trial dates in: May 2005, June 2005 and September 2005. Until recently, Accenture anticipated calling Hilary McCracken, a former employee of Accenture, as a witness at trial.[1] Although Ms. McCracken, a third party witness, resides in Marietta, Georgia, she was able and available to testify on the previously scheduled trial dates.

Ms. McCracken, however, is unavailable to testify during the currently scheduled trial, which commences December 13, 2005. Ms. McCracken cannot travel from Georgia to Connecticut for the trial because her husband cannot cover her childcare responsibilities due to his own employment obligations during the final weeks of the year.

In a letter dated November 9, 2005, Defendant's counsel notified Plaintiff's counsel of its intent to depose Ms. McCracken due to her unavailability at trial. See Nov. 9, 2005 Letter from Daniel Klein to John Williams, attached hereto as Exhibit A. In this letter, Defendant's counsel asked Plaintiff's counsel whether Plaintiff would be agreeable to the deposition.[2] On November 10, 2005, Plaintiff's counsel notified Defendant's counsel that Plaintiff would not agree to Ms. McCracken's deposition.

---

[1] Ms. McCracken formerly served as the People Matters Representative for the Health Services Group within Accenture's Financial Services Market Unit in Hartford. At the time of Plaintiff's request for reinstatement in 2001 after his four-year disability leave, Ms. McCracken explored whether any vacant positions existed in Connecticut in the Health Services Group within Accenture's Financial Services Market Unit. Accenture anticipated that Ms. McCracken would testify at trial concerning the unavailability of such positions and her conversations with Michelle Holt, Accenture's EEO Officer, regarding same.

[2] In this letter, Defendant's counsel also asked Plaintiff to agree to the deposition of another witness, Marty Cole. Defendant no longer seeks to take Mr. Cole's deposition because he is no longer unavailable.

Defendant seeks to depose Ms. McCracken in her home state of Georgia and will videotape the deposition. Plaintiff's counsel will be invited to attend the deposition in person or participate by telephone or videoconference.[3] Defendant plans to use the deposition at trial in lieu of this unavailable witness's live testimony pursuant to Fed.R.Civ.P. 32(a)(3)(B) and Fed.R.Evid. 804(a)(5) and (b)(1).

## ARGUMENT

Pursuant to Fed.R.Civ.P. 32(a)(3)(B), Defendant may use the deposition of Ms. McCracken at trial because she is at a greater distance than 100 miles from the place of trial and Defendant did not procure the absence of Ms. McCracken.[4] Indeed, at all times, Defendant has attempted to procure and facilitate Ms. McCracken's presence at trial.

Moreover, Defendant had no reason to depose Ms. McCracken during the discovery period in this matter because, at that time, she was available to testify at trial. Ms. McCracken's unavailability only arose after the Court rescheduled the trial for December 13, 2005. Defendant learned recently of Ms. McCracken's unavailability at trial.

In rejecting Defendant's overture, Plaintiff's counsel contends that there is no reason to believe that Ms. McCracken's presence could not have been procured and that the last minute nature of this announcement is unfair and prejudicial. On the contrary, Defendant has attempted to procure Ms. McCracken's attendance at trial, and would have succeeded with such procurement had the trial proceeded on the previously scheduled dates, as discussed above. Cf. Carey v. Bahama Cruise Lines, 864 F.2d 201, 204 (1st Cir. 1988) ("procuring absence and doing

---

[3] To the extent that Plaintiff objects to conducting the deposition by telephone and/or videoconference, Defendant hereby seeks an Order of this Court, pursuant to Fed.R.Civ.P. 30(b)(7), that the deposition may be taken by telephone and/or videoconference.

[4] The deposition of Ms. McCracken, an unavailable witness, also will be admissible at trial under Fed.R.Evid. 804(a) and (b)(1).

nothing to facilitate presence are quite different things") (internal quotation omitted).[5] Moreover, with approximately one month remaining before the December 13 trial date, Plaintiff will not be unfairly prejudiced by having counsel represent him at Ms. McCracken's deposition, which should last no more than two hours. Rather, Plaintiff will have the opportunity to cross-examine Ms. McCracken, and Plaintiff's counsel may attend the deposition in-person, via videoconference or via telephone conference. Accordingly, Plaintiff will not be prejudiced by having his counsel represent him at this brief deposition by telephone or videoconference, if not in-person.

Plaintiff further contends that Defendant should have deposed Ms. McCracken during discovery because it knew of her residency in Georgia at the time. Plaintiff fails to understand that Defendant had no reason to depose Ms. McCracken during the discovery period because, at that time, she was available to testify at trial. Ms. McCracken's unavailability only arose due to childcare obligations after the Court rescheduled the trial for December 13, 2005. Ms. McCracken's out-of-state residency affects the 100-mile limit to Defendant's subpoena authority. The distance that Ms. McCracken would have to travel to appear for trial also exacerbates the difficulties caused by her absence from home at a time when her husband cannot cover for her.

Indeed, despite the discovery period having concluded, Defendant is not required to obtain leave of Court to depose Ms. McCracken under Fed.R.Civ.P. 30(a)(1) and (2). Notwithstanding, in the interest of fairness and efficiency, Defendant seeks to compel Plaintiff's representation at the deposition rather than simply notifying Plaintiff of the deposition, thereby

---

[5] Unlike the defendant in Carey v. Bahama Cruise Lines, Accenture does not currently employ Ms. McCracken, and Accenture, nevertheless, has attempted to facilitate Ms. McCracken's presence in Connecticut for the trial. See 864 F.2d 201, 204 (1st Cir. 1988).

requiring Plaintiff to move for a protective order. Further, if Plaintiff declines to attend Ms. McCracken's deposition, the Court should bar Plaintiff from objecting to the admissibility of the deposition under Fed.R.Evid. 804((b)(1) on the grounds that Plaintiff did not have the opportunity to cross-examine Ms. McCracken.

In sum, the interests of fairness and judicial economy outweigh any inconvenience to Plaintiff's counsel in participating in this brief deposition by telephone or videoconference. The Court, therefore, should compel Plaintiff's representation at Ms. McCracken's deposition.

## CONCLUSION

The Court should compel Plaintiff's representation at the deposition of Ms. McCracken on a mutually agreeable date in the coming weeks before trial; or alternatively, bar Plaintiff from objecting to the admissibility of the deposition under Fed.R.Evid. 804(b)(1).

Respectfully submitted,

**DEFENDANT
ACCENTURE LLP**

By its Attorneys,

By _____
Lynn A. Kappelman (ct 03480)
lkappelman@seyfarth.com
Daniel B. Klein (ct 18934)
dklein@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800
Fax: (617) 946-4801

Defendant's Local Counsel:
Douglas Varga, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Blvd.
Bridgeport, CT 06604

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2005, a copy of the foregoing document was sent by overnight delivery to John R. Williams, Esq., John R. Williams & Associates LLC, 51 Elm Street, Suite 409, New Haven, CT 06510.

_____
Daniel B. Klein

BO1 15747856.1



EXHIBIT A

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
617-946-4800
fax 617-946-4801
www.seyfarth.com

Writer's direct phone
(617) 946-4840

Writer's e-mail
dklein@seyfarth.com

November 9, 2005

**VIA FACSIMILE AND FIRST-CLASS MAIL**

John R. Williams, Esq.
John R. Williams & Associates LLC
51 Elm Street, Suite 409
New Haven, CT 06510

    Re:    *Bennett v. Accenture LLP*; C.A. No. 3:03CV0080 (AVC)

Dear Attorney Williams:

    We would like to conduct two depositions in lieu of live testimony for two witnesses who will be out of state and unavailable for the December 13, 2005 trial in the above-referenced matter. One of these witnesses is former employee Hilary McCracken, who resides in Georgia. The other witness is Marty Cole, who resides in Connecticut, but will be traveling out of state during the trial.

    Please advise us by the end of this week whether you are agreeable to these depositions. Otherwise, we will file a motion with the Court.

    Thank you for your attention to this matter.

                        Very truly yours,

                        SEYFARTH SHAW LLP

                        Daniel B. Klein

DBK:kh

    cc:    Lynn A. Kappelman, Esq.

BO1 15746958.1 / 24602-000061

BRUSSELS · WASHINGTON, D.C. · SAN FRANCISCO · SACRAMENTO · NEW YORK · LOS ANGELES · HOUSTON · CHICAGO · BOSTON · ATLANTA